UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLAUDIA BOWEN,

    Plaintiff,

v.                                                                  Case No.:

LACOSTE USA, INC.,

    Defendant.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Claudia Bowen, by and through her undersigned counsel, and hereby files this Initial Complaint against defendant, Lacoste USA, Inc., and alleges:

### I. Jurisdiction and Venue

1.    This Court has jurisdiction in this cause pursuant to 28 U.S.C. § 1331 insofar as plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, as amended.

2.    Plaintiff has met all of the statutory prerequisites to filing suit.  She timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and the EEOC issued her a notice of right to sue on or about

November 20, 2025. Thereafter, plaintiff received that notice, and suit is being filed within 90 days of plaintiff's receipt of that notice.

3.	Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the claims arose in this district, the defendant does business in this district, and defendant is subject to personal jurisdiction in this district.

## II. Parties

4.	Plaintiff is a woman who, at all times relevant hereto, was an employee of defendant and primarily performed her duties at its store located in Miramar Beach, Florida.

5.	Defendant is an entity which is engaged in commerce and activities affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks of the year for each calendar year during which plaintiff was employed by it, as well as the preceding calendar years. Defendant is an employer as that term is defined in Title VII of the Civil Rights Act of 1964, as amended, and it is subject to the requirements of that Act.

6.	In fact, defendant has had over 500 employees in each of 20 or more calendar weeks in both the current and preceding calendar year.

### III.  Factual Allegations

7. Plaintiff began working for defendant in or around June 2021.

8. Throughout her employment, plaintiff primarily performed her duties at defendant's outlet store located at 10562 Emerald Coast Parkway W, Suite 106 in Miramar Beach, FL.  However, she also briefly worked at its store in Ellenton, FL because of a critical staffing need defendant had at that location at the time.

9. As her employer, defendant had a duty to provide plaintiff with a workplace which was free from sexual harassment and unlawful retaliation.

10. Plaintiff was qualified for all positions she held with defendant.  She met all of the minimum qualifications necessary to hold those positions, and she was capable of performing all of the essential functions of the duties of her job.

11. Throughout plaintiff's employment, defendant required the stores at which plaintiff worked to broadcast its pre-approved music playlist throughout its stores.

12. This playlist was developed by defendant and called La Playlist.

13. The music on La Playlist was misogynistic, degrading, and sexually graphic.

14. For instance, defendant's pre-approved music included lyrics such as "Sucking on that pus#% like a Cuban [cigar]"; "Take a pic of your lips goblin' on

3

my *&ck"; "She say she suck the @#ck, but she don't swallow"; "Bend it over, let me see if you can dance on the pickle"; "Nig*% eat this a## like a plum. This pus#% tight like a nun"; "The pus#% good, but I take a bi#%* with no name, That's the game, I'll sell a bi#%* a h@^ dream, Do my thing, nigg%"; "Fu&*in' nigg%@' h%$#"; "Keep the pus#% juicy like it's marinated"; etc.

15. Moreover, Lacoste intentionally bombarded plaintiff's workplace with such language throughout her day, each and every work day. The sexually explicit language was frequent, and it pervaded plaintiff's workplace. It also made plaintiff's workplace sexually hostile.

16. Additionally, the computer on/through which this sexually explicit music was played depicted sexually suggestive and risque photographs associated with the songs, further injecting sexually inappropriate materials into plaintiff's workplace.

17. Plaintiff did not welcome or consent to the above-referenced sexually explicit materials. In fact, she found the music and photographs associated with La Playlist to be offensive and degrading, and this offense was objectively reasonable.

18. Plaintiff repeatedly objected to the sexually graphic and harassing materials to which she was being subjected by defendant.

19. Indeed, plaintiff complained at the store level, the district level, and to human resources at the corporate level.

20. Although management acknowledged the music on defendant's La Playlist was a "problem," corrective action was not forthcoming and the sexually degrading lyrics and photographs continued to inundate plaintiff's workplace.

21. Finally, a human resources official to whom plaintiff complained about the persistent sexually hostile work environment terminated her days after her complaint.  Her employment with defendant thus ended on or about August 6, 2025.

22. A determinative factor in defendant's decision to terminate plaintiff was the fact that she had objected to and complained of the sexually hostile work environment to which she was continuing to be subjected.

### IV.  Count I - Sexual Harassment
### (Federal Statute)

23. Plaintiff realleges and incorporates herein paragraphs 1 through 22, above.

24. The foregoing facts and circumstances demonstrate that defendant has violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating

against plaintiff with respect to the "conditions" of her employment because of her sex.

25. The defendant and its agents and employees, knew, or should have known, that the above-referenced actions were discriminatory and violated Title VII of the Civil Rights Act of 1964, as amended. Nevertheless, the defendant and its agents acted willfully, intentionally, and in reckless disregard for the rights of plaintiff.

26. As a direct and proximate result of the actions of defendant and its agents and employees, plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, she has and will suffer lost wages and benefits. Moreover, she has suffered a diminished ability to earn a living and a diminished capacity to enjoy her life. Plaintiff's damages have been experienced in the past, and they will continue into the future.

27. Plaintiff has been required to retain an attorney to assist her in asserting her claims and protecting her rights.

WHEREFORE, plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory

damages, punitive damages, interest-including prejudgment interest on lost wages, costs and attorneys' fees, and any other relief to which plaintiff may be entitled.

### V.  Count II - Retaliation
### (Federal Statute)

28.  Plaintiff realleges and incorporates herein paragraphs 1 through 22, above.

29.  The foregoing facts and circumstances demonstrate that defendant and its agents have violated Title VII of the Civil Rights Act of 1964, as amended, which precludes employers from retaliating against an employee because of her objections to and complaints of a sexually hostile work environment.

30.  The defendant knew or should have known that the above-referenced actions were retaliatory and that such actions violated Title VII of the Civil Rights Act of 1964, as amended.  Nevertheless, the defendant and its agents acted willfully, intentionally, and in reckless disregard for the rights of plaintiff.

31.  As a direct and proximate result of the actions of defendant and its agents and employees, plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment.  Furthermore, she has and will suffer lost wages and benefits.  Moreover, she has suffered a diminished

ability to earn a living and a diminished capacity to enjoy her life.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

32. Plaintiff has been required to retain an attorney to assist her in asserting her claims and protecting her rights.

WHEREFORE, plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest-including prejudgment interest on lost wages, costs and attorney's fees, and any other relief to which plaintiff may be entitled.

*Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.*

                                    Respectfully submitted,

                                    s/Bradley S. Odom
                                    Bradley S. Odom, Esq.
                                    Florida Bar Number:   932868
                                    ODOM LAW GROUP, P.A.
                                    1800 North "E" Street
                                    Pensacola, Florida  32501
                                    (850) 434-3527
                                    Attorney for Plaintiff
                                    email@odomlawgroup.net